UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WARREN SAUNDERS, III,

        Plaintiff,                              Hon. Hala Y. Jarbou

v.                                                   Case No. 1:25-cv-544

ALLEGAN COUNTY OF, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff initiated this action against numerous entities and individuals alleging numerous claims. Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

**BACKGROUND**

      The first two complaints Plaintiff filed were stricken from the record on the ground that they contained "personal identifying information concerning a minor child and/or nonparties." (ECF No. 9). Plaintiff subsequently filed a redacted complaint as directed by the Court. (ECF No. 13). Plaintiff later moved to amend his complaint. (ECF No. 25). Plaintiff's motion was granted (ECF No. 46), and the

1

complaint attached thereto (ECF No. 25-2, PageID.182-205) constitutes the operative complaint in this matter.[1]

In his complaint, Plaintiff asserts that "[t]his complaint contains the most thoroughly documented and verifiably evidenced coordinated government conspiracy to violate federal civil rights in modern U.S. legal history." (ECF No. 25-2, PageID.186). Plaintiff continues that "[a]t the heart of this Complaint lies a pattern of coordination so deliberate, so synchronized, and so egregiously unlawful that it meets – and exceeds – the threshold for federal RICO enterprise liability under color of state law." (ECF No. 25-2, PageID.187).

Plaintiff has initiated this action against: (1) Allegan County Prosecutor's Office; (2) Michael Villar, Allegan County Prosecuting Attorney; (3) John Duffield, Allegan County Assistant Prosecuting Attorney; (4) Holly Verde, Allegan County Senior Assistant Prosecuting Attorney; (5) Allegan County Department of Health and Human Services (ADHHS); (6) Kalamazoo County Department of Health and Human Services (KDHHS) (7) 48th Circuit Court, Family Division; (8) Matthew Salas, ADHHS Regional Supervisor; (9) Jennifer Wedge, ADHHS Foster Care Director; (10) Brandy Salters, ADHHS Foster Care Agent; (11) Amberlynn Noorman, ADHHS Supervisor; (12) Vivian Bourland-Williams, ADHHS Foster Care Worker; (13) Honorable Jolene Clearwater, Allegan County Circuit Court Judge, Family

---

[1] Plaintiff later moved to yet again amend his complaint. (ECF No. 27 and 33). This motion was denied, however, because Plaintiff's proposed amended complaint, (ECF No. 32), was incomplete and unsigned. (ECF No. 47).

2

Division; (14) Antkoviak & Antkoviak, PC; (15) Christopher Antkoviak, Guardian Ad Litem; (16) Dr. Kathy Jo Jackson; (17) Family Health Center of Kalamazoo; (18) Todd Nunn, KDHHS Special Programs Manager; (19) Cristin Curtis, KDHHS Investigator; (20) Ra'Shell Davis, KDHHS Worker; and (21) Jennifer Brink, Allegan County Circuit Court Administrator.   (ECF No. 25-2, PageID.182-84).

Plaintiff asserts the following causes of action: (1) Denial of Due Process; (2) Unlawful Seizure of a Child; (3) Fraudulent Jurisdiction; (4) Emergency Action without Legal Justification; (5) Judicial Misconduct; (6) Interference and Obstruction of Parental Rights; (7) Selective Enforcement and Discriminatory Treatment; (8) Retaliation; (9) Tampering with Public Records and Evidence; (10) Failure to Train; and (11) Civil RICO.   (ECF No. 25-2, PageID.190-203).

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a

3

defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

While Plaintiff's complaint is devoid of specific factual allegations, the impetus for this action is clear enough. Plaintiff is dissatisfied with the results of various state court and/or state agency actions and decisions involving Plaintiff's efforts to "assert[] custody rights over his daughter." Each of Plaintiff's claims is addressed below.

**I.   Due Process**

Plaintiff alleges that Defendants violated his "fundamental constitutional rights by systematically depriving him of liberty and parental custody without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution." (ECF No. 25-2, PageID.191).   Plaintiff's complaint is a litany of unsubstantiated legal

4

conclusions rather than factual assertions. Thus, it is difficult to discern the precise nature of Plaintiff's claims.

To the extent, Plaintiff is asserting a violation of his procedural due process rights, it is understood that the Fourteenth Amendment's "procedural protections extend to the 'liberty interest' in the 'parent-child relation,'" an interest a parent may not "be deprived of absent due process of law." *Bambach v. Moegle*, 92 F.4th 615, 624 (6th Cir. 2024) (citations omitted). Plaintiff asserts that Defendants "denied him notice, fair hearing, and meaningful opportunity to be heard." (ECF No. 25-2, PageID.191). Plaintiff has failed, however, to allege *facts* supporting these legal conclusions. Accordingly, the undersigned recommends that, to the extent Plaintiff is asserting a violation of his procedural due process rights, such claims be dismissed for failure to state a claim.

To the extent Plaintiff is asserting violations of his substantive due process rights, the result is the same. In addition to its procedural protections, the Fourteenth Amendment affords substantive protection to certain fundamental rights including "the fundamental right that parents have to the 'companionship, care, custody, and management' of their children." *Bambach*, 92 F.4th at 624. This right, however, is "neither absolute nor unqualified." Rather, it is "limited by an [equally] compelling governmental interest in the protection of children." *Id.* Again, Plaintiff has not alleged facts in support of this claim, but has instead merely advanced legal conclusions. Because Plaintiff has failed to allege any facts from which a reasonable person could conclude that Plaintiff's substantive due process rights were violated, the undersigned

5

recommends that, to the extent Plaintiff is asserting a violation of his substantive due process rights, such claims be dismissed.

Finally, to the extent Plaintiff asserts that Defendants actions and/or failure to act resulted in his daughter being harmed by a private party, such claims must likewise be dismissed. As is well recognized, the Constitution "concerns the actions of government, not private citizens." *Lipman v. Budish*, 974 F.3d 726, 741 (6th Cir. 2020). Thus, "the state generally is not obligated to protect [constitutional] rights against harm from private actors." *Id.* (citing *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 197 (1989)). There are two exceptions to this general rule, the custody exception and the state-created danger exception. *Lipman*, 974 F.3d at 742-744. Plaintiff has failed, however, to allege facts satisfying either exception. Accordingly, to the extent Plaintiff's Due Process claims concern allegations that his daughter was harmed by a non-state actor, the undersigned recommends that such claims be dismissed.

## II.  Unlawful Seizure

Plaintiff alleges that Defendants "unlawfully removed or threatened to remove" Plaintiff's daughter from his care and control. While the Court does not take such allegations lightly, Plaintiff has advanced little more than vague statements and legal conclusions. Plaintiff has failed to allege facts supporting these claims. Accordingly, the undersigned recommends that these claims be dismissed.

### III. Fraudulent Jurisdiction and Judicial Overreach

Plaintiff alleges that Defendants "initiated and maintained fraudulent court jurisdiction" over his daughter through conduct "that exceeded the lawful bounds of state authority." To the extent Plaintiff is alleging a violation of his federal rights, the undersigned finds that such fails for the reasons articulated in Section I above. To the extent Plaintiff is asserting claims under state law, the undersigned recommends that such be dismissed for the reasons articulated in Section XII below. Finally, to the extent that Plaintiff is challenging any ruling or decision rendered in a state court matter, Plaintiff's recourse is to pursue relief in state court as this Court lacks subject matter jurisdiction to resolve any appeal of a decision by a state court. *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *Durham v. Haslam*, 528 Fed. Appx. 559, 562-63 (6th Cir., June 13, 2013). Accordingly, the undersigned recommends that these claims be dismissed.

### IV. Emergency Action without Legal Justification

Plaintiff alleges that Defendants "implemented emergency removals, restrictions, and governmental actions affecting Plaintiff's fundamental parental rights despite the complete absence of evidence establishing imminent harm, danger, or circumstances that would legally justify emergency state intervention." These claims parallel those asserted in Section I above and, therefore, must be dismissed for the reasons articulated above.

## V.     Judicial Misconduct

Plaintiff alleges that the Honorable Jolene Clearwater, Allegan County Circuit Court Judge, engaged in various acts of misconduct while hearing matters involving Plaintiff's daughter. Plaintiff's claims are barred by absolute judicial immunity. *See, e.g., Lawrence v. Pelton*, 413 F.Supp.3d 701, 710 (W.D. Mich. 2019). Accordingly, the undersigned recommends that these claims be dismissed.

## VI.    Custodial Interference and Obstruction of Parental Rights

Plaintiff alleges that Defendants interfered with his right to maintain care, custody, and control of his child. Plaintiff has alleged no additional facts in support of these claims. These claims mirror those asserted in Section I above. Accordingly, for the reasons previously articulated, the undersigned recommends that these claims be dismissed.

## VII.   Selective Enforcement and Discriminatory Treatment

Citing the Equal Protection Clause of the Fourteenth Amendment, Plaintiff alleges that Defendants treated him differently from similarly situated parents vis-à-vis matters involving child custody.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on an equal protection claim, Plaintiff must establish that he was treated "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-*

8

*Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claim. In such a claim, the plaintiff must establish that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

Regardless of the particular theory advanced, however, the threshold element of any equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("[t]o state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class or has no rational basis'").

Plaintiff has failed to allege facts supporting these claims. Plaintiff has failed to identify other parents who were treated differently or allege facts sufficient to show that such parents were similarly situated. The undersigned, therefore, recommends that these claims be dismissed.

## VIII. Retaliation

Plaintiff alleges that Defendants subjected him to "systematic retaliatory action. . .for asserting his constitutional and federal legal rights." To prevail on his retaliation claims, Plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) defendant took an adverse action that would deter a person of

9

ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was taken at least in part because of the exercise of protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

Again, Plaintiff's retaliation claims are based on legal conclusions unsupported by specific factual allegations. Even if the Court assumes that Plaintiff can establish the first two elements of his retaliation claims, he has failed to allege facts from which a reasonable fact-finder could conclude that Defendants' adverse action was in any way motivated by Plaintiff's alleged protected conduct. Accordingly, the undersigned recommends that Plaintiff's retaliation claims be dismissed.

### IX. Tampering with Public Records and Evidence

Plaintiff alleges that Defendants "systematically altered, destroyed, concealed, and manipulated key public documents" in violation of 18 U.S.C. § 1512 and 18 U.S.C. § 2071. These provisions are both criminal statutes, however, for which civil causes of action do not lie. *See, e.g., Folley v. Merz*, 2023 WL 5229765 at *4 (N.D. Ohio, Aug. 15, 2023), *Vayko v. Oakland County Sheriff's Department*, 2024 WL 4363120 at *2 (E.D. Mich., Sept. 30, 2024). Accordingly, the undersigned recommends that these claims be dismissed.

### X. Failure to Train, Supervise, and Discipline

Plaintiff asserts failure to train claims against the governmental and/or entity defendants. Section 1983 is the means by which "persons" who violate the constitutional rights of others can be held accountable. *See* 42 U.S.C. § 1983. While "municipalities and other local governmental bodies" are considered "persons" under § 1983, such entities cannot be held liable under § 1983 solely because they employ a tortfeasor. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on such an entity, Plaintiff must establish that he suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

11

Plaintiff fails to allege facts which if proven would establish that his rights were violated as a result of "official municipal policy." Instead, Plaintiff merely advances vague statements and legal conclusions. Accordingly, the undersigned recommends that Plaintiff's failure to train claims be dismissed.

## XI. Civil RICO

Plaintiff alleges that "Defendants engaged in a pattern of racketeering activity constituting a criminal enterprise operating under color of law." To prevail on these claims, Plaintiff must demonstrate: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See, e.g., In re ClassicStar Mare Lease Litigation*, 727 F.3d 473, 483 (6th Cir. 2013). Plaintiff must also demonstrate both proximate causation and but-for causation. *Id.* at 487. Again, while Plaintiff's complaint reiterates vague statements and legal conclusions, Plaintiff has failed to allege facts that even if proven would establish the above elements. The undersigned, therefore, recommends that Plaintiff's civil RICO claims be dismissed.

## XII. State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). As discussed above, Plaintiff's federal

law claims must be dismissed.  Accordingly, to the extent Plaintiff's complaint is interpreted as asserting any state law claims, the undersigned recommends that such be dismissed without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's amended complaint (ECF No. 25-2) be dismissed for failure to state a claim on which relief may be granted.  For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: October 21, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge