UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WARREN SAUNDERS III,

    Plaintiff,

v.

COUNTY OF ALLEGAN, et al.,

    Defendants.
_____/

Case No. 1:25-cv-544

Hon. Hala Y. Jarbou

## ORDER

Ronald Saunders, proceeding pro se, filed this suit alleging a conspiracy to remove his daughter C.W. from his custody. Sixth months and over twenty motions later, Saunders objects to the magistrate judge's report and recommendation that his third amended complaint be dismissed for failure to state a claim. (R&R, ECF No. 54.) According to Saunders, the magistrate judge improperly analyzed a "placeholder" complaint for factual sufficiency. (ECF No. 57, PageID.837.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Because the magistrate judge properly concluded that the operative complaint fails to state a claim, the Court affirms and adopts the magistrate judge's report and recommendation that Saunders's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The Court struck Saunders's first two complaints for using his daughter's full name throughout the pleading, in contravention of Federal Rule of Civil Procedure 5.2. (ECF No. 9.)

Saunders filed a redacted second complaint but then moved several times for an extension of time to file a third amended complaint. (ECF Nos. 13, 17, 18, 19, 23.) The magistrate judge denied the motions because Saunders, whose complaint had not yet been served, was under no deadline to file a third amended complaint. (ECF No. 24.) The magistrate judge nevertheless directed Saunders to file his third amended complaint by July 10, the date Saunders himself requested in his last motion for extension. (*Id.*) Saunders duly filed a motion for leave to amend on July 10, to which he appended the proposed third amended complaint. (ECF No. 25.)

In addition to asking for leave to amend, Saunders also asked for thirty days to submit a supplemental statement of facts that would "[c]orrelate" over three hundred exhibits with the factual allegations in his complaint. (*Id.* at 3.) Saunders's motion does not clearly indicate that the amended complaint attached to it was incomplete; to the contrary, the motion says that the amendment "adds substantial factual allegations" and "[p]rovides [a] detailed factual foundation for each constitutional violation." (*Id.*) On October 20 the magistrate judge granted Saunders's motion and designated the third amended complaint attached to the July 10 motion as the operative pleading. (ECF No. 46.) Saunders now objects that the magistrate judge should have reviewed a different version of the amended complaint, which was attached to yet another motion to amend filed before the October 20 order was entered. (*See* ECF No. 48-1.)

Saunders's objection fails because he is solely responsible for submitting a "placeholder" complaint in response to the magistrate judge's order. Saunders asked to submit an amended complaint by July 10, and the magistrate judge designated the complaint submitted by that date as the operative pleading. It was not error for the magistrate judge to hold Saunders to his word. Even if Saunders' filings after July 10 are considered, the sheer volume of motions filed by Saunders makes it almost impossible to determine which document was intended to reflect the

2

"true" third amended complaint. The fact that Saunders has moved no less than six times to file a document denoted as a third amended complaint (ECF Nos. 25, 27, 33, 48, 51, 52) leaves no doubt about the source of the confusion that Saunders now complains of. Because the complaint that became operative failed to state a claim, the magistrate judge did not err in recommending that the complaint be screened pursuant to 28 U.S.C. § 1915(e)(2).[1] Accordingly,

**IT IS ORDERED** that Saunders's objections to the R&R (ECF No. 57) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 54) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that all of Saunders's pending motions (ECF Nos. 15, 21, 26, 28, 29, 31, 34, 37, 44, 48, 50, 51, 52, 57, 58, 59, 62, 65) are **DENIED AS MOOT**.

A judgment consistent with this Order shall issue.

Dated: November 19, 2025         /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Saunders's most recent proposed amended complaint is almost 180 pages long. (ECF No. 65-1.) The Court would have stricken the complaint under Federal Rule of Civil Procedure 12(f) had it become the operative pleading.