**FILED - KZ**
December 18. 2025 3:59 PM

U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems Scanned by ES 12/18

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Plaintiff,

**Ronald Warren Saunders III,**

*on behalf of*

*C.J.W. (Saunders)*

represented by **Ronald Warren Saunders, III**

10442 Tomkinson Dr.

Scotts, MI 49088

PRO SE

*v.*

Civil Action No. 1:25-cv-00544-HYJ-PJG

Chief U.S. District Judge Honorable Hala Y. Jarbou

U.S. Magistrate Judge Hon. Phillip J. Green

COUNTY OF ALLEGAN, et al.,

Defendants.

## NOTICE OF CLARIFICATION
### REGARDING INSTITUTIONAL FUNDING TERMINOLOGY
### AND
### REQUEST FOR LIMITED ORAL ARGUMENT

Plaintiff Ronald Warren Saunders III, proceeding pro se, respectfully submits this Notice of Clarification Regarding Institutional Funding Terminology and Request For Limited Oral Argument to ensure precision in the record regarding certain institutional funding terminology used in Plaintiff's pending Motion to Alter or Amend Judgment And For Relief From Judgment (Fed. R. Civ. P. 59(e) and 60(b)(1)-(6)). Plaintiff further respectfully requests limited oral argument, solely to the extent the Court believes such clarification would assist its review. No new relief is requested.

## I. PURPOSE OF THIS NOTICE

1. Plaintiff files this Notice in the interest of accuracy, fairness, and judicial efficiency.

2. Plaintiff recognizes that post judgment filings must be precise, particularly where constitutional issues and institutional relationships are discussed.

3. This Notice is submitted to prevent any misunderstanding that could arise from shorthand terminology used in prior briefing and to make clear the limited and structural nature of Plaintiff's arguments.

4. Plaintiff does not seek to relitigate the merits, expand the scope of issues, or add new claims. The operative request for relief remains the pending Rule 59(e)/60(b) motion.

5. Plaintiff acknowledges that Michigan trial court judges receive salaries from the State of Michigan pursuant to statute and appropriation.

## II. SOURCE OF TERMINOLOGY USED IN PRIOR FILINGS

6. In Plaintiff's pending motion and related filings, Plaintiff used phrases such as, "judicial employer", "court's underlying funding unit", and similar institutional descriptors.

7. Plaintiff clarifies that this terminology was adopted verbatim from defense counsel's sworn affidavit dated November 13, 2025, in which counsel stated that, "Undersigned Counsel's firm has also maintained a professional relationship with Allegan County Courts underlying

funding unit for more than a decade" and "and the defense of its officials, officers and employees, including but not limited to certain state officials, such as the elected and appointed judicial officers."

8. Plaintiff used defense counsel's own terminology intentionally, for consistency and accuracy, and to avoid mischaracterizing the institutional relationships as described by Defendants' counsel under oath. (Previously provided as Exhibit AO098)

## III. WHAT PLAINTIFF IS NOT ALLEGING

9. Plaintiff does not contend that Michigan counties directly pay state judges' adjudicative salaries, or allege, that any judge receives case contingent compensation, personal pecuniary benefit, or outcome dependent remuneration.

10. Any language in Plaintiff's filings that could be read to suggest otherwise was unintended shorthand and is expressly clarified by this Notice.

## IV. INTENDED MEANING OF THE CLARIFIED TERMS

11. Plaintiff alleges that in certain instances judges perform court administrative functions funded at the county level, separate and apart from their adjudicative duties.

12. Plaintiff alleges in these instances, judges perform court-administrative roles funded through a framework in which counties bear responsibility for trial-court operations, such as; operational budgets, facilities, staffing, and related administrative infrastructure.

13. Plaintiff's constitutional arguments concern structural and institutional due process analysis and not judicial adjudicative compensation.

14. Plaintiff alleges that the convergence of adjudicative authority and county funded administrative governance creates an institutional structure in which judicial decision-making occurs within an operational framework aligned with county governmental interests.

15. Plaintiff raises this issue solely as a matter of structural due process and appearance of impartiality.

16. Plaintiff's references to "judicial employer", "court's underlying funding unit", and similar phrases were intended solely to describe:

    a. Counties' statutory role as local funding units for trial-court operations and administration;

    b. Counties' provision of court facilities, staffing, and operational support;

    c. Counties' participation in public-entity risk pools that cover civil rights liability arising from court operations and county funded functions;

    d. The documented institutional relationships between court administration, county government, and pooled-liability structures; and

    e. Defense counsel's own sworn description of her client relationship.

## V. ADMINISTRATIVE FUNCTIONS DISTINGUISHED FROM ADJUDICATIVE FUNCTIONS

17. Plaintiff further clarifies that references to judges serving in "administrative", "supervisory", or "governance" roles were intended to identify court-administration responsibilities (such as chief judge duties, budget oversight, personnel management, and operational administration), not adjudicative decision-making.

18. Plaintiff does not assert that such administrative responsibilities convert judges into county employees for all purposes.

19. Plaintiff's position remains that where institutional funding, administrative interdependence, and pooled liability structures overlap, the resulting structure presents an objective due process question under *Tumey v. Ohio*, 273 U.S. 510 (1927); *Ward v. Village of Monroeville*,

409 U.S. 57 (1972); and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) warranting constitutional scrutiny.

## VI. REQUEST FOR LIMITED ORAL ARGUMENT

20. Plaintiff respectfully requests a brief opportunity for oral argument only if the Court believes it would assist in resolving the pending Rule 59(e)/60(b) motion.

21. Plaintiff submits that ten to fifteen minutes of oral dialogue could be more efficient than additional written submissions and would allow Plaintiff to:

    a. Walk the Court through the procedural timeline chronologically;

    b. Clarify the intended meaning of the institutional terminology addressed in this Notice;

    c. Explain why the grant of leave to amend was never meaningfully exercised before screening occurred; and

    d. Respond directly to any questions the Court may have.

## VII. PLAINTIFF'S AVAILABILITY AND COMMITMENT TO PROCEED

22. Plaintiff respectfully advises the court that Plaintiff is prepared to appear at Plaintiff's own expense, by travel to any location, and/or by video conference, if preferred/designated by the Court, when the orderly administration of justice requires.

23. Plaintiff makes this representation to demonstrate his commitment to resolving the procedural posture of this matter lawfully and finally through the proper channels provided by the federal system.

## VIII. NO EXPANSION OF RELIEF REQUESTED

24. This Notice does not supplement the merits beyond clarification; and does not alter the scope of the pending motion.

25. Plaintiff understands that oral argument is not a matter of right and rest within the courts discretion, but respectfully submits that, if the court believes limited oral argument would

assist the Court's review, Plaintiff does not object and stands ready to appear ready to aid the court in resolving the pending motion; efficiently, and on a fully understood record.

26. The sole purpose of this filing is to ensure that the record accurately reflects Plaintiff's intended meaning and to assist the Court in its review.

## IX. CONCLUSION

27. Plaintiff respectfully submits that this clarification, combined with the availability of limited oral argument if the Court desires it, will assist in resolving the pending motion efficiently and on a fully understood record.

28. Plaintiff remains committed to proceeding lawfully, respectfully, and in good faith, and seeks only the opportunity for his properly filed complaint to be screened as contemplated by Fed. R. Civ. P. 15(a)(2).

WHEREFORE, Plaintiff Ronald Warren Saunders III respectfully requests that the Court:

   a. Accept this Notice of Clarification Regarding Institutional Funding Terminology and Request For Limited Oral Argument as part of the record;

   b. Grant limited oral argument if the Court believes it would assist the Court's review; and

   c. Grant such other relief as justice requires.

Respectfully submitted,

_____

/s/ Ronald Warren Saunders III

Plaintiff Pro Se

10442 Tomkinson Drive

Scotts, MI 49088

(269) 394-0951

RonSaundersIII@gmail.com

Date: December 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>18</u> day of <u>December</u> 2025, I served a true and correct copy of the foregoing Notice of Clarification Regarding Institutional Funding Terminology and Request for Limited Oral Argument with the Clerk of the Court by personally delivering to the United States District Court for the Western District of Michigan Southern Division.

Because no defendant has been served and no counsel has appeared in this action, service is effected upon the Court only.

Respectfully submitted,

/s/ Ronald Warren Saunders III

Plaintiff Pro Se

10442 Tomkinson Drive

Scotts, MI 49088

(269) 394-0951

RonSaundersIII@gmail.com

Date: December 18, 2025