UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WARREN SAUNDERS, III,

    Plaintiff,

v.

    Case No. 1:25-cv-544

    Hon. Hala Y. Jarbou

COUNTY OF ALLEGAN,

    Defendant.
_____/

## ORDER

Ronald Saunders sued Allegan County and numerous other defendants for conspiring to remove his daughter C.W. from his custody.  Saunders's suit was dismissed after three amended complaints were found inadequate.  (11/19/2025 Order, ECF No. 66.)  Saunders now moves for leave to file a proposed fourth amended complaint under Federal Rules of Civil Procedure 15 and 59(e).  (ECF No. 68.)  However, Saunders's motion does not specify which of the numerous proposed complaints he filed before dismissal of his case the Court should regard as his proposed fourth amended complaint, nor did he append a proposed complaint to his motion.

Rule 15 sets out a liberal policy on amending pleadings.  *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018).  But a party that "seeks to amend a complaint after an adverse judgment . . . must shoulder a heavier burden" than that applicable under Rule 15 alone.  *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 565 (6th Cir. 2022) (cleaned up).  This is because the postjudgment context implicates the countervailing interest in "protecting the finality of judgments and the expeditious termination of litigation."  *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (cleaned up).  The heightened rigor applied to a motion for leave to amend pursuant to Rule 59(e) has never been precisely stated in Sixth Circuit precedent, although the court suggested in

*Leisure Caviar, LLC v. U.S. Fish & Wildlife Service* that a district court is entitled to demand a "compelling explanation" from a postjudgment movant for leave to amend why the request was not made sooner. 616 F.3d 612, 617 (6th Cir. 2010). At all events, a district court enjoys a large margin of discretion in evaluating a request to amend a complaint after judgment. *Davis v. Brown*, No. 24-1464, 2025 WL 1545685, at *4 (6th Cir. Jan. 23, 2025), *aff'g*, No. 2:23-cv-223, 2024 WL 339316 (W.D. Mich. Jan. 30, 2024).

Saunders's motion articulates no explanation—let alone a compelling one—for allowing Saunders to reopen this lawsuit. To begin, Saunders did not attach a copy of his proposed amendment to his motion or identify the previously filed proposed pleading that he wished to designate as operative. *See Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) ("Implicit in Rule 15(a) is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." (cleaned up)). Additionally, Saunders nowhere shows why amendment would not be futile, given that Saunders's most recent proposed amended complaint (*see* ECF No. 65-1) would have been stricken on account of its length (*see* 11/19/2025 Order, at 3 n.1). *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021). Saunders has utterly failed to demonstrate that he can present his claims in a concise and comprehensible manner. The Court will not disturb the judgment to grant Saunders yet another chance to try again.

**IT IS ORDERED** that Saunders's motion to alter or amend the judgment (ECF No. 68) is **DENIED**.

Dated: January 6, 2026    /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

2